# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KRIS CHAPTER JACKSON,

                           **Plaintiff,**

v.

RHONDA K. MASON, et al.,

                           **Defendants.**

Case No. 23-2464-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff Kris Chapter Jackson, proceeding pro se,[1] brings this lawsuit against defendants Judge Rhonda Mason, Stacy Crist, the Johnson County District Court, and dozens of anonymous Doe defendants. Doc. 10 at 1. Plaintiff alleges that defendants violated her constitutional rights by denying plaintiff access to court and court filings. *Id.* at 2. Defendants have filed a Motion to Dismiss. Doc. 12. Plaintiff, in a lengthy filing with many exhibits, opposes the motion.[2] *See* Doc. 20; Doc. 20-1; Doc. 20-2; Doc. 20-3; Doc. 20-4; Doc. 20-5; Doc. 20-6; Doc. 20-7; Doc. 20-8; Doc. 20-9; Doc. 20-10; Doc. 20-11; Doc. 20-12; Doc. 20-13; Doc. 20-14; Doc. 20-15; Doc. 20-16; Doc. 20-17; Doc. 20-18; Doc. 20-19; *see also* Doc. 22; Doc. 22-1. The court, as

---

[1]    Plaintiff proceeds pro se. The court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of her advocate. *Hall*, 935 F.2d at 1110.

[2]    Buried in plaintiff's papers is a request for an evidentiary hearing. Doc. 20-1 at 9. This is an odd request, given that defendants' Motion to Dismiss—and the governing legal standard—focus solely on the allegations plaintiff makes in her Amended Complaint. In any event, our court's local rule provides: "The court may set any motion for oral argument or hearing at the request of a party or on its own initiative." D. Kan. Rule 7.2. In the court's view, a hearing will not assist its work. And so, to grant plaintiff's request would contradict Fed. R. Civ. P. 1 because a hearing is unnecessary. Exercising its discretion, the court denies plaintiff's request for an evidentiary hearing.

explained below, grants defendants' motion.  It also orders plaintiff to show cause why it

shouldn't dismiss her claims against the anonymous Doe defendants.

## I.    Background

The following facts come from plaintiff's Amended Complaint (Doc. 10).[3]  The court

accepts the facts as true and views them in the light most favorable to plaintiff, as the party

opposing the Motion to Dismiss.  *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir. 2020)

(explaining that on a motion to dismiss the court "accept[s] as true all well-pleaded factual

allegations in the complaint and view[s] them in the light most favorable to" the party opposing

the motion (citation and internal quotation marks omitted)).  Though plaintiff benefits from this

legal standard, she has filed a "Request to Take Judicial Notice" (Doc. 22).  This motion asks the

court to take judicial notice of the filing restrictions defendants placed on plaintiff and attaches a

hearing transcript from certain state court proceedings.  *See* Doc. 22-1.  Defendants haven't

opposed this motion.  The court grants plaintiff's request in Doc. 22 and takes judicial notice of

the transcript.

Plaintiff has filed a consumer fraud action in Kansas state court in Johnson County.  Doc.

10 at 3 (Am. Compl. ¶ 13).  Defendant Judge Mason is presiding over that case.  *Id.*  And

defendant Crist works as a court clerk or administrative assistant.  *Id.*  At a September 2023

hearing in the case, Judge Mason imposed filing restrictions on plaintiff.  *Id.* at 4 (Am. Compl.

¶ 22).  Judge Mason ordered the parties not to file anything without leave of court and ordered

the parties to confer before asking for leave to file.  *Id.*  Judge Mason memorialized this decision

in an October 2023 journal entry.  *Id.* at 5 (Am. Compl. ¶ 25).  Plaintiff appealed Judge Mason's

---

[3]    Plaintiff only has amended her Complaint once.  *See* Doc. 10.  But for reasons unknown to the
court, plaintiff labelled her first Amended Complaint a "Second Amended Complaint."  *See id.* at 1.

oral ruling. *Id.* at 4 (Am. Compl. ¶ 23). Plaintiff also filed a writ of mandamus with the Kansas Supreme Court. *Id.* (Am. Compl. ¶ 24).

Once plaintiff had appealed and served Judge Mason and defendant Crist with the writ of mandamus and a civil rights complaint, Judge Mason restricted plaintiff's filings further. *Id.* at 5 (Am. Compl. ¶ 26). Judge Mason determined that plaintiff had demonstrated a practice of filing frivolous motions and issuing subpoenas and document requests tethered solely to irrelevant issues. *Id.* (Am. Compl. ¶ 27). Judge Mason never allowed plaintiff to oppose or object to these determinations. *Id.* (Am. Compl. ¶ 28). Plaintiff maintains that her filings aren't frivolous. *Id.* (Am. Compl. ¶ 29). And plaintiff has communicated with defendant Crist about the filing restrictions. *See, e.g.*, *id.* at 16 (Am. Compl. ¶ 70).

Defendants have refused to process plaintiff's papers or hear plaintiff's motions. *Id.* at 24 (Am. Compl. ¶ 91). For example, plaintiff's motion for recusal never showed up on the court's docket. *Id.* Plaintiff alleges defendants have denied her access to the courts and discriminated against her. *Id.* at 25 (Am. Compl. ¶ 92).

## II.      Legal Standard

Defendants bring their motion under Fed. R. Civ. P. 12(b)(6). Doc. 12. Fed. R. Civ. P. 12(b)(6) allows a party to move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true. But this obligation doesn't mean that the court is "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Defendants' Motion to Dismiss also asserts sovereign immunity. *See generally* Doc. 12. "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). The court thus construes the sovereign immunity portion of their motion as one made under Rule 12(b)(1). *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180–82 (10th Cir. 2002) (analyzing whether defendant was entitled to sovereign immunity under Rule 12(b)(1), but analyzing whether under Rule 12(b)(6) defendant constituted a "person" within the meaning of § 1983); *Davis v. California*, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *1 (D. Kan. Oct. 20, 2017) (construing Rule 12(b)(6) motion seeking dismissal based on sovereign immunity as a Rule 12(b)(1) motion).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

*see also Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012) (explaining that the "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it"). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

## III.     Analysis

The court begins by expressing its disapproval of plaintiff's briefing. Plaintiff submitted a 35-page response brief. Doc. 20. Nothing entitled her to file a response of that length. D. Kan. Rule 7.1(d)(3) limits plaintiff's response brief to 15 pages, absent a court order. Plaintiff also filed a 10-page "Memorandum in Support of Plaintiff'[s] Response in Opposition" (Doc. 20-1). That's a total of 45 pages. Defendants note these issues in their reply, but they haven't moved to strike either document. *See* Doc. 21. Though the court retains the discretion to strike plaintiff's uncompliant filings, it declines to do so. But the court reminds plaintiff of her obligation to follow the rules of our court. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (emphasizing that pro se parties must comply with same procedural rules as other litigants). And the court warns plaintiff that her filings give the appearance of a prolific, frivolous, and vexatious litigant. The court will not look favorably on any future action flouting our rules.

Returning to the motion of the moment, the court construes plaintiff's Amended Complaint to assert three claims: (1) a § 1983 claim against all defendants for violating plaintiff's due process rights; (2) a § 1983 claim against all defendants for violating plaintiff's

equal protection rights; and (3) a state law negligence claim against all defendants.[4]  Plaintiff's

Amended Complaint also seeks monetary damages, punitive damages, attorney's fees and costs,

injunctive relief, and a declaratory judgment.  Doc. 10 at 35–36 (Am. Compl. Prayer for Relief).

The court's analysis unfolds in this fashion:  It begins with Judge Mason and the Johnson

County District Court's claim of sovereign immunity.  Next, it considers whether Crist also

deserves sovereign immunity and, separately, whether she is entitled to quasi-judicial immunity.

The court then addresses whether the *Ex parte Young* exception permits plaintiff to circumvent

defendants' sovereign immunity.  The court concludes its analysis by considering plaintiff's

negligence claim.  And the court closes by evaluating the case's anonymous defendants, before

reciting its conclusions.

### A.      Judge Mason deserves sovereign immunity on plaintiff's claim for damages against her in her official capacity.[5]

The court begins by asking whether Judge Mason is entitled to sovereign immunity.

Plaintiff sues Judge Mason in her official capacity.  Doc. 10 at 3 (Am. Compl. ¶ 10).  Defendants

assert that the Eleventh Amendment's restriction on individuals suing states bars this claim.

Doc. 12 at 3.  They're right.

---

[4]      Plaintiff's Amended Complaint (Doc. 10) is hardly a model of clarity.  The first cause of action brings a "Violation of Equal Protection" claim.  Doc. 10 at 31 (Am. Compl. ¶¶ 107–10).  The second cause of action asserts it's a "42 U.S.C. Section 1983" claim, alleging all defendants deprived plaintiff of due process and the right to equal protection.  *Id.* (Am. Compl. ¶ 112).  The third cause of action also asserts a § 1983 claim and invokes *Monell* liability.  *Id.* at 32–35 (Am. Compl. ¶¶ 113–31).  And the fourth cause of action asserts a negligence claim.  *Id.* at 35 (Am. Compl. ¶¶ 132–34).  In the court's view, the Amended Complaint fairly asserts two § 1983 claims and a negligence claim against all defendants— including the Johnson County District Court under a *Monell* theory.

[5]      Defendants move for dismissal of plaintiff's claims against Judge Mason in her individual capacity, too.  Doc. 12 at 3–4.  But the court doesn't read plaintiff's Amended Complaint to bring any claims against Judge Mason in her individual capacity.  *See generally* Doc. 10.  And, even if plaintiff did bring a claim against Judge Mason in her individual capacity, judicial immunity—addressed later in this Order—would bar plaintiff's claim.

The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  State sovereign immunity applies to actions under 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  "'Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.'"  *Amaro v. New Mexico*, 737 F. App'x 882, 888 (10th Cir. 2018) (quoting *Will*, 491 U.S. at 66).

But the Supreme Court has recognized that "this immunity from suit is not absolute[.]" *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The Court has "recognized only two circumstances in which an individual may sue a State."  *Id.* "First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance."  *Id.* (citation omitted).  "Second, a State may waive its sovereign immunity by consenting to suit."  *Id.* (citation omitted).

"In the absence of a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court."  *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993).  "If the Eleventh Amendment applies, it confers total immunity from suit, not merely a defense to liability."  *Id.* (citation omitted).  So, generally, "the law considers state officials acting in their official capacities to be acting on behalf of the state and immune from unconsented suits under

the Eleventh Amendment." *Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (1989) (citation omitted). States, of course, "are protected by the Eleventh Amendment[.]" *Id.* at 70. So, Judge Mason is entitled to Eleventh Amendment immunity from suits for damages.

Judge Mason is a state court district judge serving in Johnson County, Kansas. District court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004) ("As a District Judge in Saline County, Judge Hebert is a State official, whose office was created by the Kansas Constitution Article 3 § 6."); *see also Sigg v. Dist. Ct. of Allen Cnty.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. Mar. 20, 2012) (barring official capacity claim for money damages against district court judge). Also, state officers acting in their official capacity are not considered "persons" against whom a plaintiff can bring a claim for damages under § 1983. *Will*, 491 U.S. at 71. Sovereign immunity thus bars plaintiff's claims here seeking money damages against Judge Mason in her official capacity, so the court dismisses those claims.

There's a narrow exception to this total immunity for state officials, however, created in *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, "a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex parte Young*, 209 U.S. at 159–60). And, under *Ex parte Young*, "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Id.* (citing *Ex parte Young*, 209 U.S. at 155–56). More on *Ex parte Young* later.

8

Plaintiff focuses her arguments against dismissal of Judge Mason on judicial immunity, arguing that Judge Mason "has not acted within her jurisdiction, and accordingly she is not immune from damages and liability." Doc. 20-1 at 1. But a judge's "jurisdiction" enters the analysis only with *judicial* immunity, not *sovereign* immunity. And the two types of immunities are different. *See Aragon v. Vander Dussen*, No. 2:23-cv-00674-MIS-KRS, 2023 WL 8602874, at *3 (D.N.M. Dec. 12, 2023) (explaining sovereign immunity "strips the court of jurisdiction and thus renders dismissal appropriate under Rule 12(b)(1)" but "judicial immunity is a non-jurisdictional bar" properly brought under Rule 12(b)(6) (quotation cleaned up)). "Judicial immunity applies only to personal capacity claims." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011). Here, plaintiff sues Judge Mason only in her official capacity, and so Judge Mason deserves *sovereign* immunity.

### B.    Defendant Johnson County District Court is entitled to sovereign immunity.

Defendants next assert that the Johnson County, Kansas District Court, like Judge Mason, is entitled to sovereign immunity. Indeed, Kansas district courts are agencies of the state of Kansas. *Sigg*, 2012 WL 941144, at *4 (D. Kan. Mar. 20, 2012) (concluding District Court of Allen County was an agency of the state of Kansas and citing Kan. Const. art. III, §§ 1, 6 (providing that district courts are divisions of the state judicial system)). And Kansas state district courts haven't "consented to suit nor has Congress abrogated sovereign immunity in this instance." *Id.* As just mentioned, "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. So, sovereign immunity applies, and the court lacks jurisdiction over plaintiff's claims against the Johnson County District Court.[6] *See Sigg*, 2012 WL 941144, at *4 (collecting cases).

---

[6]    This sovereign immunity applies to all forms of relief sought by plaintiff. The *Ex parte Young* exception "has no application in suits against the States and their agencies, which are barred regardless of

**C.      Defendant Crist is entitled to sovereign immunity and quasi-judicial immunity.**

Plaintiff likewise sues defendant Crist in her official capacity as "court clerk, administrative assistant." Doc. 10 at 2 (Am. Compl. ¶ 9). Defendants argue for dismissal because, they assert, sovereign immunity shields Crist from suit in her official capacity. Plaintiff also sues Crist in her individual capacity. *Id.* Defendants invoke quasi-judicial immunity against these individual capacity claims. The court addresses each type of immunity, in turn, below.

**1.      Sovereign immunity applies to plaintiff's claims against Crist in her official capacity.**

Start with plaintiff's claims against Crist in her official capacity. Plaintiff's Amended Complaint alleges Crist "acted within her official capacity of a court clerk, administrative assistant." Doc. 10 at 2 (Am. Compl. ¶ 9). As just mentioned, Kansas state district courts are state agencies. *Sigg*, 2012 WL 941144, at *4. And their employees are state employees. *See* Kan. Stat. Ann. § 20-162(a)–(b) (defining judicial personnel classification system). "Federal suits against state officials acting in their official capacities similarly fall within the [Eleventh] [A]mendment's proscription because 'a suit against a state official in his or her official capacity is no different than a suit against the State itself.'" *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 744 F. Supp. 2d 1178, 1189 (D. Kan. 2010) (ellipsis omitted) (quoting *Will*, 491 U.S. at 71). Sovereign immunity thus bars plaintiff's claims against defendant Crist in her official capacity.

---

the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citation omitted).

### 2.   Quasi-judicial immunity applies to plaintiff's claims against Crist in her individual capacity.[7]

Defendants next argue that judicial immunity bars plaintiff's individual capacity claims against Crist. *Crowe & Dunlevy*, 640 F.3d at 1156 ("Judicial immunity applies only to personal capacity claims."). As a threshold matter, the court notes that plaintiff can't sue defendant Crist in her individual capacity for injunctive or declaratory relief. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief."). That conclusion leaves just one variant of plaintiff's claims: one seeking monetary relief.

Defendants assert that defendant Crist, as a judicial employee, is entitled to quasi-judicial immunity from suit. Judges themselves "are absolutely immune from civil damages liability for acts performed in their judicial capacities." *Van Deelen v. Fairchild*, No. Civ.A. 05-2017, 2005 WL 3263885, at *5 (D. Kan. Dec. 1, 2005) (citing *De Young v. Kansas*, 890 F. Supp. 949, 953 (D. Kan. 1995)). Similarly, our Circuit has "held a court clerk enjoys absolute quasi-judicial immunity when he or she performs a 'judicial act[.]'" *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004). "In determining whether an act by a judge"—or here, a clerk or assistant of the judicial system—"is 'judicial,' thereby warranting absolute immunity, [courts] are to take a functional approach, for such 'immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches[.]'" *Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir.

---

[7]     As explained in a moment, the court evaluates quasi-judicial immunity under a Rule 12(b)(6) standard, not Rule 12(b)(1)'s jurisdictional standard. Before it applies a Rule 12(b)(6) standard to the merits of plaintiff's claims, the court notes that defendants made an additional jurisdictional argument: one based on the *Rooker-Feldman* doctrine. Doc. 21 at 4. But defendants made this jurisdictional argument for the first time in their reply brief. *Compare* Doc. 12, *with* Doc. 21. So, defendants waived this argument, and the court won't consider it. *See Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (holding that an argument raised for the first time in a reply brief is waived (citation omitted)); *see also Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-1094-JTM-TJJ, 2018 WL 489100, at *1 (D. Kan. Jan. 19, 2018) ("[T]he Court will not consider arguments raised for the first time in a reply brief, particularly where the arguments could have been made in the first instance.").

2009) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)) (emphasis in original).  So, even though plaintiff hasn't alleged clearly whether Crist works as a clerk or as an assistant, the court focuses on Crist's *functions* and whether those functions qualify as judicial in nature.

Judges act in their judicial capacities when the operative act (1) "is a function normally performed by a judge and (2) the parties dealt with the judge in [her] judicial capacity." *Van Deelen*, 2005 WL 3263885, at *5 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Judges are also absolutely immune in their control of the court docket." *Id.* (citing *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)).  And—important for present purposes—"absolute immunity has been attached to the imposition of restrictions on a party." *Id.* (citing *Whaley v. Kennedy*, 145 F.3d 1347, 1998 WL 208881, at *2 (10th Cir. 1998)).

Here, plaintiff alleges that defendant Crist, acting on Judge Mason's behalf, enforced unlawful filing restrictions against plaintiff and deprived her of her right to access the courts.  Plaintiff maintains that Judge Mason and Crist acted outside their judicial capacities because they enforced unlawful filing restrictions on her.  But filing restrictions like the ones plaintiff alleges in her Amended Complaint are judicial acts.  Judges are entitled to absolute immunity in controlling their docket and imposing filing restrictions.  *Id.*  And judges' aides share that immunity.

Plaintiff also argues that Judge Mason and Crist acted without jurisdiction because they entered unlawful orders.  Doc. 20 at 20.  To be sure, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citations omitted).  But plaintiff's concept of jurisdiction is a mistaken one.  The Supreme Court has illustrated the kind of jurisdiction they're talking about with this hypothetical:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 375 n.7 (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

Here, plaintiff argues that Judge Mason lacked jurisdiction because she violated plaintiff's due process rights. That's not the kind of jurisdictional deficiency that the Court recognized in *Stump*. Plaintiff's Amended Complaint alleges that she brought a civil case in Johnson County District Court, and Judge Mason clearly has jurisdiction over plaintiff's case as a Kansas district court judge. Because Judge Mason has absolute judicial immunity, Crist benefits from quasi-judicial immunity.

In sum, the court dismisses plaintiff's claims against defendant Crist in her individual capacity for failure to state a claim. *See Aragon v. Dussen*, No. 2:23-cv-00674-MIS-KRS, 2023 WL 7385115, at *2 (D.N.M. Nov. 8, 2023) ("[Defendant] also asserts a defense of absolute judicial immunity, which is analyzed under Rule 12(b)(6)."); *see also Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *12 (S.D. Ohio Dec. 21, 2023) (dismissing claim against court clerk—entitled to quasi-judicial immunity in individual capacity—for failure to state a claim).

### D.  Plaintiff can't utilize the *Ex parte Young* exception.

Recall that *Ex parte Young* carves a narrow exception to sovereign immunity for state officials. Under this exception, "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Green*, 474 U.S. at 68 (citing *Ex parte Young*, 209 U.S. at 155–56). And "*Ex parte Young* applies to both injunctive and declaratory relief." *Chilcoat*, 41 F.4th at 1214 (citation omitted). Plaintiff's Amended Complaint here, attempting to utilize the *Ex parte Young* exception, seeks "an

injunction enjoining Defendants and their officers, agents, and employees from enforcing the restricted filings orders and restricted court access to offices orders upon the Plaintiff."  Doc. 10 at 35 (Am. Compl. Prayer for Relief).  Defendants assert plaintiff isn't entitled to this relief. They're right.

Plaintiff can't invoke *Ex parte Young* because "the *Ex parte Young* exception expressly prohibits injunctions toward state *judicial* officers regarding their adjudication of the cases and controversies put before them."  *Williams*, 2023 WL 8824845, at *6 (emphasis in original) (citing *Ex parte Young*, 209 U.S. at 163).  Indeed, *Ex parte Young* itself provides that "an injunction against a state court would be a violation of the whole scheme of our government." *Ex parte Young*, 209 U.S. at 163.  To make it even more explicit, *Ex parte Young* added "that the right to enjoin an individual, even though a state official, from commencing suits . . . does not include the power to restrain a court from acting in any case brought before it, either of a civil or criminal nature[.]"  *Id.*  The Supreme Court reaffirmed this principle recently in *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021).  This case explained that *Ex parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks."  *Id.* at 39.  Yet this is exactly what plaintiff asks the court to do.

The *Ex parte Young* exception doesn't apply to plaintiff's requests for injunctive and declaratory relief.  So, Judge Mason and Crist deserve sovereign immunity from plaintiff's federal claims brought against them in their official capacities.  And with that conclusion plus the ones preceding it, the court has dismissed all federal claims against defendants Judge Mason, the Johnson County, Kansas District Court, and Crist.  The only remaining claim is plaintiff's negligence claim against all defendants.  The court addresses that claim, next.

E.        **Plaintiff has abandoned her state law negligence claim**

In her third and final claim, plaintiff asserts a negligence claim.  Doc. 10 at 35 (Am.
Compl. ¶¶ 132–34).  Defendants argue plaintiff has failed to state a viable negligence claim
because she fails to allege plausibly that defendants breached a duty owed to her.  Doc. 12 at 10–
11.  Nowhere in plaintiff's 45 pages of briefing does plaintiff respond to this argument.  *See* Doc.
20; Doc. 20-1.  Instead, plaintiff's briefing—even construed liberally—focuses entirely on her
constitutional claims under § 1983.  The court thus considers plaintiff's state law negligence
claim abandoned.  *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–69 (10th Cir.
2001) (affirming district court's dismissal of plaintiff's § 1983 equal protection claim after it
concluded that plaintiff had abandoned the claim because he had not addressed it in his
memorandum opposing summary judgment); *see also C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d
1324, 1337 (D. Kan. 2008) (concluding that plaintiff had abandoned his retaliation claim by not
responding to defendant's motion for summary judgment against the claim); *McRoberts v. Rosas*,
No. 21-2470-DDC-TJJ, 2022 WL 4482481, at *12 (D. Kan. Sept. 27, 2022) (concluding plaintiff
had abandoned state law tort claims by failing to respond to defendants' dismissal arguments).

The court thus dismisses all three claims asserted against defendants Judge Mason, Crist,
and Johnson County District Court.  And that leaves only the putative claims against anonymous
Doe defendants.  The court addresses those defendants, next.

IV.        **Anonymous Defendants**

Plaintiff's Amended Complaint names fifty defendants anonymously:  Jane Doe 1, Jane
Doe 2, and Does 3–50.  Doc. 10 at 1 (Am. Compl.).  Plaintiff asserts that Jane Does 1 and 2 are
court clerks who refused to accept her filings.  But the identity of the other Doe defendants is far
less certain.  "While a plaintiff initially may sue unknown defendants by naming them as 'John
Doe,' that permission does not last forever."  *Hampton v. Barclays Bank Del.*, 478 F. Supp. 3d

15

1113, 1119 n.3 (D. Kan. 2020).  The "Federal Rules of Civil Procedure [do] not permit such actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does." *Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012).  Defendants' Motion to Dismiss (Doc. 12) doesn't ask the court to dismiss the claims against these anonymous defendants.  The court addresses Jane Doe 1 and Jane Doe 2 first, below, because the court senses a sovereign immunity problem among plaintiff's claims against these defendants.  Then the court orders plaintiff to show cause why the court shouldn't dismiss her action against these anonymous defendants.

### A.    Jane Doe 1 and Jane Doe 2 are entitled to sovereign immunity and quasi-judicial immunity.

The court has an independent obligation to satisfy itself that subject matter jurisdiction exists. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  And the court may dismiss plaintiff's claims sua sponte for failure to state a claim "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged[.]" *McKinney v. State of Okla., Dep't of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

Plaintiff alleges defendant "Jane Doe 1 is a court clerk who services the public at a service desk located at Johnson County District Court[.]"  Doc. 10 at 3 (Am. Compl. ¶ 15). Similarly, "Jane Doe 2 is a court clerk who services the public at a service desk located at Johnson County District Court[.]" *Id.* (Am. Compl. ¶ 16).  Plaintiff sues both of these defendants in their individual and official capacities.  She alleges that she paid a third party to file documents, but Jane Doe 1 and Jane Doe 2 refused to accept the filings because of the case's filing restrictions. *Id.* at 24 (Am. Compl. ¶ 90).  These anonymous court clerks also sent plaintiff's filings to the assigned judge but didn't file the documents. *Id.*  Jane Doe 1 and Jane Doe 2 are entitled to sovereign immunity and quasi-judicial immunity for reasons the court just

provided when dismissing the claims against Crist.  And again, as just explained, plaintiff's claims don't qualify for the *Ex parte Young* exception.

These state court defendants work as state employees, so Eleventh Amendment sovereign immunity bars plaintiff's suit against them in their official capacities.  And, plaintiff alleges, Jane Doe 1 and Jane Doe 2 have performed quasi-judicial actions—*i.e.*, docket control, enforcing filing restrictions, etc.  Quasi-judicial immunity thus bars plaintiff's suit against Jane Doe 1 and Jane Doe 2 in their individual capacities.  *See Williams*, 2023 WL 8824845, at *5–8 (dismissing claims against state court clerk in official capacity under sovereign immunity and individual capacity under quasi-judicial immunity where plaintiff alleged clerk wouldn't file his documents—"an intrinsically judicial act integral to the adjudicatory process"); *see also id.* at *5 n.7 (explaining that quasi-judicial immunity applies to individual staff members of state court).

In sum, quasi-judicial immunity applies to plaintiff's claims against Jane Doe 1 and Jane Doe 2 in their individual capacities.  And sovereign immunity applies to plaintiff's claims against all defendants sued in their official capacities.

### B.  Plaintiff must show cause why the court shouldn't dismiss the other Doe defendants.

Plaintiff's Amended Complaint also names as defendants "DOES 1–50."[8]  *See, e.g.*, Doc. 10 at 31 (Am. Compl. ¶ 112).  Plaintiff alleges that these anonymous defendants violated her constitutional rights and breached a duty of care to her by failing to file her documents.  *Id.* at 31, 33–34 (Am. Compl. ¶¶ 112, 127).  Plaintiff also alleges she doesn't know the names and

---

[8]     Plaintiff's Amended Complaint contains discrepancies about how many Doe defendants she's suing.  At the top of the case caption, plaintiff sues:  Jane Doe 1, Jane Doe 2, and Does 3–50 for a total of 50.  Doc. 10 at 1 (Am. Compl.).  Later, plaintiff mentions "Defendants Jane DOES/DOES 1–50."  *Id.* at 3 (Am. Compl. ¶ 17).  This suggests that plaintiff meant to sue 52 Doe defendants:  Jane Doe 1, Jane Doe 2, and 50 more Does 1–50.  The court, construing plaintiff's claims liberally, assumes plaintiff meant to sue 52 Doe defendants.

capacities of these DOES 1–50, but she "is informed and believes . . . that each defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff[.]" *Id.* at 3 (Am. Compl. ¶ 17). And plaintiff claims she "will amend the Complaint to state the true names and capacities of Defendants DOES 1 through 50, inclusive, when they have been ascertained." *Id.* But plaintiff hasn't done that.

Plaintiff filed this action on October 16, 2023. Doc. 1. Plaintiff filed an Amended Complaint on November 13, 2023, adding the Doe defendants. Doc. 10. Under Fed. R. Civ. P. 4(m), plaintiff had 90 days to serve these defendants. More than 90 days have gone by without service on any of these Doe defendants. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The court thus orders plaintiff to show cause **within 10 days of this Order** why the court should not dismiss this action against defendants "DOES 1–50" for failure to prosecute. Given plaintiff's overlong filings in this case, the court limits plaintiff's response to this requirement to five pages.[9] If plaintiff fails to respond within 10 days or fails to show good cause, the court will dismiss defendants "DOES 1–50" without prejudice. And if plaintiff files a response over five pages, the court will strike all but the first five pages of the filing.

## V. Conclusion

Plaintiff sues Judge Mason in her official capacity for violating her due process and equal protection rights. But sovereign immunity bars plaintiff's suit against Judge Mason, and the *Ex*

---

[9]     Consistent with D. Kan. Rule 5.1, these five pages "must be typewritten or printed on letter size paper, double-spaced, in no less than 12-point font."

*parte Young* doctrine can't help plaintiff overcome sovereign immunity.  The court thus dismisses plaintiff's § 1983 claims against Judge Mason without prejudice for lack of subject matter jurisdiction.

Plaintiff sues the Johnson County, Kansas District Court under § 1983 for due process and equal protection.  The Johnson County, Kansas District Court also is entitled to sovereign immunity, so the court dismisses these claims for lack of subject matter jurisdiction as well.

Plaintiff sues Crist in her official and individual capacities.  But plaintiff can't overcome sovereign immunity, so the court must dismiss plaintiff's § 1983 claims against Crist in her official capacity for lack of subject matter jurisdiction.  And quasi-judicial immunity applies to plaintiff's § 1983 claims against Crist in her individual capacity, so the court dismisses these claims for failure to state a claim.

Plaintiff has abandoned her state law claim against defendants, so the court dismisses those claims as well.  And plaintiff's allegations against the anonymous defendants suffer a host of issues, so the court dismisses the claims against Jane Doe 1 and Jane Doe 2 and orders plaintiff to show cause why it shouldn't dismiss her claims against the rest of the Doe defendants.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 12) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Request to Take Judicial Notice (Doc. 22) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff is ordered to show cause **within 10 days** why the court shouldn't dismiss her claims against "DOES 1–50" without prejudice for failure to prosecute.

19

**IT IS SO ORDERED.**

**Dated this 7th day of August, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**